SAM KOZLER, ALIAS SAMUEL KIRCHNER, RESPONDENT. v. NEW YORK TELEPHONE COMPANY, APPELLANT.

Submitted July 3, 1919—Decided November 18, 1919.

1. The legislature, in creating a new tribunal like the Court for the Trial of Juvenile Offenders may prescribe what record it shall keep or whether it shall keep any record at all, and if it does, what use, if any, shall be permitted of the record.

2. The fact that exclusion of parol proof, because proof must be by record, and exclusion of the record by legislative enactment, may result in preventing a party from recovering on a contract because of the impossibility of proof, is no argument against the legislative restriction.

On appeal from the Paterson District Court.

Before Justices SWAYZE and PARKER.

For the respondent, *Harry H. Weinberger.*

For the appellant, *Smith & Slingerland.*

The opinion of the court was delivered by

SWAYZE, J. The action is to recover a reward for information leading to the arrest and conviction of any person guilty of criminally receiving property belonging to the telephone company. The plaintiff, as a part of his case, relied upon the conviction of a boy under the age of sixteen years. The prosecutor of the pleas had alleged that the boy was a juvenile delinquent. At a Court for the Trial of Juvenile Offenders, as the record recites, the boy was found guilty in manner and form as charged in the accusation. The judgment was that he pay a fine of $25 and be placed in the custody of "probation officer (probation to pay)." It was proved, and not disputed, that the boy at the time of trial was not on probation; he had not been confined in any institution; we assume, in the absence of proof, because the fine had been paid. At the

trial of the present action, proof of the conviction of the juvenile offender and the record of the juvenile court was admitted over objection. The question is whether the admission of this evidence was error. This depends on whether the act of 1916 (*Pamph. L., p.* 429) controls. By its express words it certainly does. It enacts that neither the record of the conviction of juvenile offenders contained in the record of proceedings of the court, nor the fact of such conviction shall be admissible in evidence or in any way shown in any action or proceeding of a civil or criminal nature, except during the period for which the defendant has been placed on probation or within two years after the defendant's discharge from any institution to which he has been committed by the court. The lad who was convicted is not within the exceptions and evidence of his conviction was improper unless the statute fails of effect. The only argument that we need consider against the statute is that it was beyond the power of the legislature to make evidence inadmissible that is otherwise relevant.

The question of the power of the legislature to make evidence inadmissible is different from the question so frequently passed upon of the effect of proof of evidential facts as *prima facie* proof of facts in issue. We do not suppose that the legislature could under the guise or form of a rule of evidence or procedure deprive parties of substantial rights. On the other hand, the legislature certainly has the power to prescribe what proof shall be essential, as, for instance, to comply with the statute of frauds; and it has also power to prescribe what contracts shall be void as against public policy, as, for instance, contracts in restraint of trade, or immoral contracts or contracts *contra bonos mores.* We see no reason why the legislature may not prescribe rules of evidence; for example, rules regulating the competency of witnesses and excluding them for interest, as at common law, and as we still do in the case of transactions with a decedent, even though the effect may be to prevent enforcement of a legal contract. Clearly, the legislature, in creating a new tribunal, like the Court for the Trial of Juvenile Offenders, may prescribe what record it shall keep or whether it shall keep any record at all, and if

it does, what use, if any, shall be permitted of the record. It is equally clear that the legislature may prohibit parol proof of the court's action. On general principles proof must be by the record. The fact that exclusion of parol proof because proof must be by the record, and exclusion of the record by legislative enactment may result in preventing a party from recovering on a contract because of the impossibility of proof, is no argument against the legislative restrictions. The right to contract is not unlimited. Cases are frequent where contracts are condemned as against public policy, and the legislature, as long at least as its condemnation is based on substantial reason and is not merely arbitrary or colorable, may determine what is public policy. We see no reason why the legislature may not enact that it is against public policy to hold over a young person *in terrorem,* perhaps for life, a conviction for some youthful transgression. If it may pass an act of general amnesty, it may surely pass an act of amnesty as to juvenile offenders. The right of contract does not go as far as to forbid such legislative action. On the contrary, it was long ago settled that there were limits to the right of contracting parties to prove facts which might disgrace third persons. In the famous case of *Da Costa* v. *Jones, Cowp.* 729, Lord Mansfield would not permit recovery on a wager as to the sex of Chevalier D'Eon. There was nothing in English law at the time to prohibit the wager as a contract, but the court held that the particular wager was void because a judicial inquiry into the matter tended to indecent evidence and to disturb the peace of the individual and of society. In the present case the legislature has, in effect, said that in the case of offences by juvenile offenders there shall be amnesty and oblivion, except under certain circumstances not affecting the present case. All that this court can say is that the action of the legislature rests in, or might well be thought to be founded in, reason and sound policy. It is not merely colorable or arbitrary. The right to affect third parties by the offer of reward is no greater than the right to affect them by making a bet, as in Lord Mansfield's time. The legislature might have declared the contract void as against public policy. If so, the

legislature might properly enact that certain evidence of the acts of its tribunals shall be a sealed book to parties who are not concerned, except as they have voluntarily made themselves concerned, knowing in advance, since they are presumed to know the statutes, that the evidence was forbidden.

We may add that the offence in the present case took place after the passage of the act of 1916, and the question of impairing the obligation of contracts does not arise.

Let the judgment be reversed and the record remitted for a new trial in the District Court.